NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| DAMON LEWIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 05-352-DCR |
| ) | |
| V. ) | |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Damon Lewis, an individual who is currently confined at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), has filed a complaint under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)[1] and the Federal Tort Claims Act, 28 U.S.C. §§2761-2680. The Plaintiff has filed a motion to proceed *in forma pauperis*, and supporting documentation, which the Court will grant by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). This is a *pro se* proceeding and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must

---

[1] To establish relief under *Bivens*, the plaintiff must plead two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of *federal* law. *Bivens*, 403 U.S. at 397.

be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted.

### NAMED DEFENDANTS

The Plaintiff has named the following individuals as Defendants the United States of America and Laura Chappell, in her individual capacity and in her official capacity as UNICOR Industries business manager.[2]

### CLAIMS

The Plaintiff alleges that, on or about June 1, 2004, the Defendants discriminated against him on the basis of his African-American race. He alleges that Chappell improperly invoked an exception to the hiring provisions contained in the Bureau of Prisons ("BOP") Program Statement ("PS") 8120.02, *Work Program for Inmates-FPI*. He asserts that Chappell hired a white inmate from the non-priority waiting list for a prison job as a forklift operator in the UNICOR warehouse, ahead of other inmates, including Plaintiff, who were listed on the priority UNICOR hiring list. He further claims that Chappell's action was in direct violation of PS 8120.02.

Regarding his claim for monetary damages under *Bivens*, the Plaintiff attached documentation demonstrating that he filed the proper grievances through all levels of the BOP

---

[2] The agency charged by Congress to manage inmate labor is the Federal Prison Industries, Inc. ("FPI" or "UNICOR"). *Coalition For Government Procurement v. Federal Prison Industries, Inc.*, 365 F.3d 435, 442 (6th Cir. 2004). "UNICOR" is the commercial or trade name of Federal Prison Industries, Inc. *See* 29 C.F.R. §345.11(a) (2003).

administrative remedy procedure. The BOP responded that, although the Plaintiff was correct that another inmate who actually had experience for the position posted was hired in violation of PS 8120.92, prison staff subsequently removed that inmate from the position. The BOP advised the Plaintiff that he remained on the waiting list. The BOP denied that the hiring error was motivated by any racial discrimination and disputed that the error had any adverse impact on the Plaintiff. The Plaintiff also filed an FTCA administrative claim pursuant to 28 U.S.C. §2675(a). He has attached to his complaint a copy of the BOP's April 28, 2005 denial of his FTCA claim.

## RELIEF REQUESTED

The Plaintiff seeks $325,000.00 in compensatory damages from the Defendants, punitive damages, and a trial by jury on his *Bivens* and FTCA claims.

## DISCUSSION

### 1. *Bivens* Claims Against United States

The Plaintiff's *Bivens* claims against the United States must be dismissed. Sovereign immunity bars any claim against the United States or its agencies. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (any lawsuit against an agency of the United States is, in essence, a suit against the United States). Federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived.[3] *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

---

[3]   As discussed *infra*, the FTCA does not provide a remedy to Lewis.

"In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity." *United States v. Testan*, 424 U.S. 392 (1976); *see also Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304 (1989). The United States has not waived its sovereign immunity to monetary damages for constitutional torts. *Clark v. Library of Congress*, 750 F.2d 89, 104 (D.C. Cir. 1984). Accordingly, the Plaintiff's *Bivens* claims against the United States will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

### 2. *Bivens* Claims Against Laura Chappell

The Plaintiff has also asserted a Fifth Amendment equal protection claim against Chappell in both her individual and official capacities. Lewis alleges that he was the victim of racial discrimination in connection with a UNICOR position. After careful review of the Complaint and its attachments, the Court finds this claim to be without merit.

First, the Plaintiff states his claim in a manner which implies that he had a protected liberty or property interest in obtaining either the UNICOR prison job at issue or, for that matter, any UNICOR position. That contention is erroneous. It is well-settled that a prisoner has no constitutionally protected liberty interest in prison employment or a particular prison job. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982), *cert. denied*, 459 U.S. 1150 (1983); *Perry v. Rose*, 205 F.3d 1341, 2000 WL 191803, **1 (6th Cir.(Tenn.)) ( citing *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995), the Sixth Circuit held that plaintiff had no property interest in his prison job protected by due process); *Edmonds v. Montgomery* 856 F.2d 193, 1988 WL 87720, **1 (6th Cir.(Ky.)) (plaintiff had no property interest in the prison job which would have entitled him to due process protection regarding

reassignment from that job); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49-50 (5th Cir. 1995) (Bulger's termination from his UNICOR job and reassignment to a non-UNICOR job did not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life).

Second, as the BOP explained in its responses to the Plaintiff's administrative claim, UNICOR returned the inmate, who was originally selected on June 1, 2004, to fill the warehouse position, back to his previous work detail. The BOP contends, and the Plaintiff does not dispute, that even if the "non-priority" inmate had not been hired before him, the Plaintiff would not have been awarded the position due to the fact that he was far down (fifteenth) on the priority waiting list.

Lewis claims that Chappell had discriminatory intent, as discussed in *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).[4] The Court, however, is unable to conclude that the Plaintiff suffered any *actual injury* as a result of Chappell's action, especially in light of the fact that the other inmate was removed from the UNICOR warehouse position. "Jurisdiction depends upon a finding that plaintiff 'has suffered some threatened or actual injury resulting from the putatively illegal action. . . .'" *Briggs v. Ohio Elections Comm'n.*, 61 F.3d 487, 491 (6th Cir. 1995) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973))).

---

[4] To establish a violation of the Equal Protection Clause, a prisoner must prove that a discriminatory intent or purpose against a disfavored class or excluded group was a factor in an action taken by prison officials. *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. at 265.

Even absent the complained-of action, the Plaintiff was too far down on the appropriate waiting list to have been hired for the UNICOR job when it became available. The Court agrees with the BOP that the short-lived hiring of the "non-priority list" inmate did not adversely impact the Plaintiff, given his status on the priority waiting list. Therefore, the plaintiff's *Bivens* claims against Chappell will be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(ii).

### 3. FTCA Claim

Before a suit may be maintained against the United States, the United States must consent to being sued. *Montez v. United States*, 359 F.3d 392, 395 (6th Cir.2004) (citing *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971 (1976)). Through its enactment of the FTCA, Congress has waived the United States' immunity from suits:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b)(1).

Here, Lewis makes several allegations that Chappell's actions were the result of intentional discrimination, bias and racism. While the FTCA generally applies to federal actions which sound in negligence, it would appear that, at this time, the Plaintiff has stated a claim under the FTCA which may go forward. However, the Plaintiff is advised that the FTCA's waiver of sovereign immunity is subject to a number of limitations, including the discretionary-function exception codified in 28 U.S.C. §2680(a). *See* 28 U.S.C. §2680(a)

(stating that 28 U.S.C. §1346(b)'s waiver of sovereign immunity does not apply to "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.").

If the discretionary-function exception applies and Congress has not otherwise waived the United States's immunity, then this Court would lack subject matter jurisdiction over the Plaintiff's FTCA claim. *Feyers v. United States*, 749 F.2d 1222, 1225 (6th Cir. 1984), *cert. denied*, 471 U.S. 1125, 105 S.Ct. 2655(1985) ("If a case falls within the statutory exceptions of 28 U.S.C. §2680, the court lacks subject matter jurisdiction); *Rich v. United States*, 119 F.3d 447, 450 (6th Cir. 1997); *Ashley v. United States*, 37 F.Supp.2d 1027, 1030 (W.D. Tenn. 1997).

The record is has not bee sufficiently developed at this stage of the proceedings to enable the Court to determine whether any statutory exception to 28 U.S.C. §2680 applies (including but not limited to the discretionary-function exception). The United States is the appropriate defendant to an FTCA action, and the Plaintiff has named the United States as a Defendant. Therefore, the United States will directed to file an answer to the Plaintiff's FTCA claim. Summons shall issue regarding the Plaintiff's FTCA claim.

## CONCLUSION

Accordingly, it is ORDERED as follows:

(1) The Plaintiff's *Bivens* Fifth Amendment due process and equal protection claims asserted against the United States are DISMISSED with prejudice.

(2) The Plaintiff's *Bivens* Fifth Amendment due process and equal protection claims against Laura Chappell, in her individual and official capacities, are DISMISSED with prejudice.

(3) The Plaintiff's FTCA claims against Laura Chappell are DISMISSED with prejudice.

(4) The United States is directed to respond to the Plaintiff's FTCA claim.

(5) The Clerk of the Court shall issue summons for service on the Attorney General of the United States and the United States Attorney for the Eastern District of Kentucky.

(6) The Clerk of the Court shall prepare the summonses and as many copies of the Complaint as there are summonses and any required USM Forms 285 for the Attorney General of the United States and the United States Attorney for the Eastern District of Kentucky. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly file into the record a document stating why that office cannot fill-out the summons or USM Form 285 or any other documents necessary to effectuate service.

(7) After Clerk of the Court has prepared the summonses, USM Forms 285, Complaint copies, a copy of this Order, and/or any other documents necessary to effectuate service, the Clerk shall forward said documents, by certified mail, to the United States Marshal's office in Lexington, Kentucky. The certified mail receipt shall be entered into the record.

(8) The United States Marshal shall serve a summons, Complaint copy, and copy of this Order on each remaining Defendant and shall do so by certified mail, return receipt requested.

(9)     The United States Marshal shall make a return report to the Court regarding whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(10)    The Plaintiff is directed to keep the Court informed as to his current mailing address and of any changes in his mailing address which may arise during the pendency of this action.  Failure to do so may result in dismissal of this action.

(11)    For every further pleading or other document he wishes to submit for consideration by the Court, the Plaintiff shall serve upon each Defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document.  The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each Defendant or counsel.  **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

This 6th day of October, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge