UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| DAMON LEWIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 05-352-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

On January 4, 2006, the Court entered an Order [Record No. 17] granting Damon Lewis, the *pro se* Plaintiff, ten additional days to file a response to the Defendant United States' Motion to Dismiss [Record No. 15].[1] The Plaintiff was clearly advised that his failure to respond could result in the Court granting the motion and/or dismissing this action for want of prosecution. The record reflects that on January 4, 2006, the Clerk of this Court mailed a copy of the Order to the Plaintiff at his listed and last known address: "Damon Lewis, 13944-075, Federal Correctional Institution-Manchester, P.O. Box 4000, Manchester, KY 40962." [Clerk's Notation, Record No. 17].

There is no indication that the Court's Order was returned as undeliverable. Further, the Plaintiff has not responded to the Order and his time for compliance has expired.

---

[1] By Memorandum Opinion and Order dated October 6, 2005 [Record No. 6], the Court dismissed the Plaintiff's claims asserted under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The Court allowed the Plaintiff to proceed with his claims under the Federal Tort Claims Act, 28 U.S.C. §§2761-2680 (FTCA). The United States' Motion to Dismiss addressed the Plaintiff's FTCA claims.

1

Likewise, the record does not reflect that the Plaintiff has requested an extension of time in which to respond to the Order.

The lenient treatment generally accorded to *pro se* litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion *when ordered to do so by magistrate judge*) (emphasis added); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

In this action, the Plaintiff is responsible for pursuing his claims in timely fashion. However, he has not done so despite being given opportunities to do so. The Court construes the Plaintiff's failure to respond to the Order as an abandonment of his FTCA claims. Accordingly, these claims will be dismissed for want of prosecution.

## CONCLUSION

The Court being sufficiently advised, it is hereby

**ORDERED** that the United States' Motion to Dismiss [Record No. 15] is **GRANTED**. The Plaintiff's FTCA claims are **DISMISSED**, without prejudice.

This 18th day of January, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge